191 P.2d 719

### CORPORATION COMMISSION et al. v. SOUTHERN PAC. CO. et al.

No. 4995.

Supreme Court of Arizona.

March 31, 1948.

John L. Sullivan, Atty Gen., John W. Rood, Chief Asst. Atty. Gen., Burr Sutter, Asst. Atty. Gen., and Wallace W. Clark and Jerman & Flynn, all of Phoenix, for appellants.

Evans, Hull, Kitchel, Ryley & Jenckes, Norman S. Hull and William Spaid, all of Phoenix, for appellees.

STANFORD, Chief Justice.

After a hearing before the Arizona Corporation Commission an opinion and order was entered by that body holding that the Wells Truckways, Ltd., a corporation, had authority to operate motor vehicles as a common carrier of freight over the public highways between Yuma and Tucson, Arizona, designated and known as U. S. Highway No. 80 between Yuma and Gila Bend, and State Highway No. 84 between Gila Bend and Tucson, serving all intermediate points. Following such order an action was filed by the appellees herein in the Superior Court of Maricopa County. From a judgment of that court setting aside, vacating and holding unlawful, unreasonable and arbitrary the order of the Arizona Corporation Commission, the case was brought here on appeal.

Both appellants and appellees filed in the Superior Court a motion for summary

judgment. The court entered an order granting appellees' motion.

The judgment of the court rendered contained the following:

"(1) That the order of the Arizona Corporation Commission entered in Docket No. 10071-A-6275, Decision No. 15973, granting the application of Wells Truckways, Ltd., a corporation, and authorizing the operating of motor vehicles as a common carrier for the transportation of freight over the public highways between Yuma, Arizona, and Tucson, Arizona, designated and known as U. S. Public Highway No. 80 between Yuma and Gila Bend, Arizona; thence from Gila Bend, Arizona, to Tucson, Arizona, over Arizona State Highway No. 84, serving all intermediate points, is unlawful unreasonable, arbitrary and void;

"(2) That the Certificate of Convenience and Necessity issued to the said Wells Truckways, Ltd., a corporation, by the Arizona Corporation Commission, authorizing the transportation for hire of freight between Yuma and Tucson, Arizona, serving intermediate points, as aforesaid, is unlawful and void;

"(3) That said order (Decision No. 15973) and the Certificate of Convenience and Necessity issued thereon are hereby vacated and set aside;"

The important assignments of error may be briefly summed up as follows:

1. That no right of appeal to the Superior Court from an order of the Corporation Commission granting or denying a certificate of public convenience and necessity is allowed.

2. That appellees did not comply with the provisions of our code in reference to filing a motion for rehearing before the effective date of the order of the Corporation Commission before taking the matter into the Superior Court.

3. That the granting of summary judgment in the Superior Court to appellees was error before there was any evidence before the court that the action of the Corporation Commission was unreasonable.

4. When evidence shows that the territory to be served is new territory and over a different route, the Commission is not required to first offer an existing carrier the opportunity to furnish such new service.

It is contended by appellants that the provisions of Section 69-249, A.C.A. 1939, giving a party in interest the right to commence an action against the Corporation Commission for the purpose of setting aside an order of the Commission, has no application to an order made granting a certificate of convenience and necessity to operate as a motor carrier in accordance with Section 66-506, A C.A.1939.

Article 15, Section 2, Constitution of Arizona, reads as follows: "Public Service Corporations.—All corporations other than municipal engaged in carrying persons or property for hire; * * * and all corporations other than municipal, operating

as common carriers, shall be deemed public service corporations."

Article 15, Section 17, Constitution of Arizona, reads: "Appeals.—Nothing herein shall be construed as denying to public service corporations the right of appeal to the courts of the state from the rules, regulations, orders, or decrees fixed by the corporation commission, but the rules, regulations, orders, or decrees so fixed shall remain in force pending the decision of the courts." However, the instant case is brought under Section 69-249, supra.

In our case of Corporation Commission v. Consolidated Stage Co., 63 Ariz. 257, 161 P. 2d 10, 111, we said:

"A rehearing was requested as authorized by section 69-248, A.C.A.1939, and was denied. Thereafter the appellee brought this action in the superior court, as provided by section 69-249, A.C.A.1939, to have said order of the appellant set aside for the reason that the order or decision of the commission was unlawful and not within its jurisdiction.

\*    \*    \*    \*    \*    \*

"We have examined sections 1, 2, and 3 of Article 15 of the state Constitution relative to the powers of the commission over public service corporations. We have also examined Chapter 66, Article 5, sections 66-501 to 66-533, A.C.A.1939, relating to the regulation of public highway transportation. The foregoing chapter provides for the licensing and regulation of common motor carriers. Their regulation and super-

vision is vested in the corporation commission. The commission has power to fix and regulate rates, facilities, time schedules, territory to be traversed; to prescribe uniform systems of accounts; to require reports, tariff schedules; and 'to supervise and regulate such common motor carriers in all matters affecting the relations between such carriers and the public, and between such carriers, and other common motor carriers, to the end that the provisions of this act may be fully carried out.' Section 66-504, A.C.A.1939. \*    \*    \*

"The commission has set out as one of its assignments of error that the court erred in denying the appellant's motion for judgment on the pleadings upon the ground that the appellee was not a party in interest within the meaning of section 69-249, A.C.A.1939, permitting such a party to commence an action to vacate or set aside an order of the commission. \*    \*    \*"

The last few lines of the above quotation indicate the previous attitude of the appellant herein in respect to Section 69-249, supra, and also shows that this court has always, as it did in that case, held that the said Section 69-249, supra, was and is applicable to cases like the instant one. Said section is found in the chapter entitled "Public Service Corporations".

We are unable to follow the contention of the appellants wherein it is claimed that appellees did not comply with the provisions of our code by filing a motion for rehearing before the effective date

of the order of the Corporation Commission. In that respect we observe that the Wells Truckways, Ltd., applied for a certificate to our Corporation Commission on September 19, 1945. The matter was heard by the Commission on October 4, 1945. On November 30, 1945, the Commission made the order granting the application of petitioner. On December 12, 1945, appellees applied to the Commission for rehearing, and on December 28, 1945, said application for rehearing was denied. On January 15, 1946, complaint was filed in the Superior Court of Maricopa County to set aside the order of the Commission. Section 69-249, supra, states: "Any party in interest, * * * may within thirty (30) days after a rehearing is denied or granted, and not afterwards, commence an action in the superior court * * *."

It is the claim of appellants that: "* * * appellees cannot follow the provisions of Section 69-248 and section 69-249, A.C.A. 1939, because the rehearing provisions cannot be complied with, in that the order granting a certificate under Chapter 66, Article 5, A.C.A.1939 is effective when issued. It is appellants' contention that in this particular the reason appellees cannot qualify as appellants under Sections 69-248 and 69-249 is they cannot review actions of the Corporation Commission, acting under Chapter 66, Article 5 of the 1939 Code, which is the motor vehicle code; that the limited review procedure set up in Chapter 69, Article 2 of the 1939 Code, which is the portion of the code governing public service corporations, as distinguished from motor carriers, is confined to judicial review of only a few matters arising under Chapter 69, Article 2 itself. It is obvious the statutes are in opposition one to the other."

For over a decade this court has consistently held that what we call the "highway" or "regulation of public highway transportation" code, Code 1939, § 66-501 et seq., and our code relating to "Public Service Corporations", Code 1939, § 69-201 et seq., are in pari materia and have been and should be considered as one subject.

Notwithstanding the appellants' view in this respect treating on the subject of why the action was not filed in the Superior Court within the time prescribed by law, this court holds, in keeping with its decisions heretofore rendered, that the action was timely commenced under Section 69-249, supra.

█ The third assignment of error, or contention, of the appellants, is that there was no evidence before the court which justified the judgment rendered.

We find that the judgment of the court recited that the cause came before it "on motions for summary judgment joined in by all parties to the action", the judgment further holding "and after argument based on the pleadings, stipulation of facts, and affidavits attached to plaintiff's motion for summary judgment".

We find the stipulation referred to contains the following:

"In connection with the above, it is admitted the Southern Pacific Company serves, and has the legal right to serve, all towns and communities being served by Wells Truckways, Ltd., under the Arizona Corporation Commission Order which is at issue in this action.

"It is also admitted that Pacific Motor Trucking Company serves all towns and communities being served by Wells Truckways, Ltd., under the authority of said order, and all persons and business establishments along said route, except the persons and business establishments located on State Highway No. 84 between Gila Bend, Arizona, and a point 25 miles west of Casa Grande, Arizona. The legal right of Pacific Motor Trucking Company to serve said towns, communities, persons and business establishments, except the town of Gila Bend, is admitted.

"The right of Pacific Motor Trucking Company to serve Gila Bend under Certificate of Convenience and Necessity No. 4098 presents a question of law to be determined by this Court, said decision to be based upon the proper legal interpretation of said Certificate."

In addition to the foregoing, the affidavit of William Spaid on motion for summary judgment reads: "Plaintiff, Pacific Motor Trucking Company, is and was actually serving all towns, communities and persons along the route over which Wells Truckways, Ltd., has been authorized to operate, and is actually serving all of the territory through which said route runs."

Also, the affidavit of George D. Clark, which was also admitted before the Superior Court, is, in part, as follows: "That he is employed by Pacific Motor Trucking Company, a corporation, as District Manager for its Eastern District; that the entire State of Arizona is included in said Eastern District and particularly the territory between the cities of Tucson and Yuma, Arizona; that it is his duty as such Manager to be familiar with all schedules and scheduled operations in said District and that he is familiar with all schedules and all scheduled operations; that Pacific Motor Trucking Company is, and was on or about the 4th day of October 1945, and has in the interim been performing a daily overnight service between Tucson and Yuma, Arizona, and vice versa, serving all intermediate points; * * *" Gila Bend is an intermediate point.

From the foregoing it is apparent that the trial court had ample testimony upon which to base its action which followed the motion for summary judgment.

In the amended answer of the appellants filed in the Superior Court they admitted the following allegations made in the complaint of appellees:

"The Commission has not heretofore, and has not in its opinion and order granting the application of Wells Truckways, Ltd., a corporation, (Exhibit A) found the

services being rendered by the plaintiffs to be unsatisfactory, insufficient or inadequate to meet the needs of the communities to be served along the existing and proposed routes.

"The Commission has not found that the plaintiffs are unable to furnish the service offered by the applicant, Wells Truckways, Ltd., a corporation.

"The Commission has not directed or ordered the plaintiffs herein or either of them to improve or extend the services being presently rendered in the territory, or to institute new service so as to meet any public convenience and necessity which might be or might have been previously found or determined to exist by the said Commission.

"The Commission has not designated wherein the existing service being rendered in this territory by plaintiffs herein, is unsatisfactory, insufficient or inadequate, nor has it given the existing carriers serving the territory an opportunity to provide satisfactory, sufficient and adequate service, or to refuse to do so."

The Corporation Commission made no request of appellees to furnish such additional service before granting a certificate to another. In our case of Corporation Commission v. Pacific Greyhound, 54 Ariz. 159, 94 P.2d 443, 451, we said: "* * * The proper procedure to be followed by the commission, under the circumstances set forth in the record, was as follows: It should first have examined the new service offered by the applicant and determined whether it is more in the interest of the traveling public than that furnished by the plaintiff. If its answer is in the affirmative, it should then offer to the plaintiff an opportunity to furnish such new service, and if plaintiff can, and will, do so, should deny the application. * * *"

It is admitted by the appellants, as will be seen by the several admissions above set forth, that existing carriers serving the same territory were not given an opportunity to provide satisfactory, sufficient and adequate service.

We will now take under consideration the 4th contention presented by appellants.

In connection with a previous matter, we quoted paragraphs of the stipulation between the parties hereto. We now quote further as follows:

"The existence of sufficient persons or business establishments on State Highway No. 84 between Gila Bend and a point 25 miles west of Casa Grande to warrant the granting of the Certificate of Convenience and Necessity issued by said Arizona Corporation Commission, presents a question of fact to be determined by this Court on the facts relative to the existence of such persons and business establishments.

"It is agreed by the parties hereto that the only business establishment operating along State Highway No. 84 between the above-mentioned points is Freeman's Roll-Inn, which place of business is located ap-

proximately thirty-three (33) miles west of Casa Grande and is operated by H. S. Freeman who sells gasoline, soft drinks, beer and confections; that a religious reader resides in a roadside shack approximately forty-nine (49) miles west of Casa Grande, (ten (10) miles east of Gila Bend); that a ranch house or residence is located near said Highway No. 84 approximately one (1) mile east of Gila Bend and there is a ranch house, not visible from Highway No. 84, approximately two (2) miles east of the above-mentioned Freeman's Roll-Inn and three (3) miles back off said road; that there are no other places of business in operation or persons residing along said Highway between said points nor are there any other known residents of the territory to be served by said Highway."

This court takes judicial notice that the territory on Route 84 lying between Gila Bend (which is in the southwestern part of our state, and continuing in an easterly direction to Casa Grande for a distance of approximately 58 miles, is barren, desert land and has but little habitation. The stipulation admits the dearth of business and habitation of the particular area in question being a distance of 34 miles running easterly from Gila Bend to a point approximately 25 miles west of Casa Grande.

The stipulation which serves as the guide to us of what we are to determine in this court is:

"(1) The right of Pacific Motor Trucking Co. to serve Gila Bend, Arizona, under Arizona Corporation Commission Certificate of Convenience and Necessity No. 4098, and

"(2) The existence of persons and business establishments along State Highway No. 84 between Gila Bend, Arizona, and a point 25 miles west of Casa Grande, Arizona, in numbers sufficient to warrant the granting by the Arizona Corporation Commission of a Certificate of Convenience and Necessity, to take care of the needs of said persons and business establishments."

No applicant should expect to procure a certificate of convenience and necessity on the theory of a short stretch of the road being non-certificated, and hence new territory because if that were the case no certificated carrier could be found to connect up with short portions of our main highways and such a situation would be merely a wedge whereby an applicant could crowd in. While the territory, being 34 miles in length, is new, it is nevertheless very sparsely settled unoccupied territory. The stipulation in that respect has been heretofore quoted, and we see no magic in, nor reason for, upholding this theory of the appellant when in truth and in fact there is no present occasion for a certificated carrier to operate over the territory in question.

The plaintiff in this case has carried the burden of proof and the judgment of the trial court is accordingly affirmed.

LaPRADE and UDALL, JJ., concur.