### JACKSON *v.* STATE EMPLOYEES RETIREMENT SYSTEM.

1. PENSIONS—JUDICIAL REVIEW OF DENIAL—TIME.

 Petition in circuit court to review denial of retirement benefits to State employee who had been discharged for reasons not "beyond his control," filed under the subsequently-enacted administrative procedure act nearly 9 years after such denial came too late (CLS 1956, § 24.108, subd [2]).

2. COSTS—PUBLIC QUESTION—RETIREMENT BENEFITS.

 No costs are allowed on appeal in proceeding to obtain retirement benefits from State employees retirement system, where a public question is involved.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 14, 1959.  (Docket No. 15, Calendar No. 47,982.)  Decided November 25, 1959.

Petition under the administrative procedure act by Harry H. Jackson against the State Employees Retirement System, the Retirement Board, and its individual members for judicial review of decision denying him retirement benefits.  Upon his death,

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 45 *et seq.*

substitution of plaintiff's widow denied, and action dismissed.  Plaintiff's administratrix appeals.  Affirmed.

*Daniel G. Shea,* for plaintiff and appellant.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Maxine Boord Virtue,* Assistant Attorney General, for defendants.

EDWARDS, J.  Fourteen years ago, on August 1, 1945, Harry H. Jackson, then warden of the State prison of Southern Michigan, was suspended permanently by the corrections commission.  The suspension followed an investigation of conditions at the prison which had revealed conditions reflecting flagrant maladministration.  The permanent suspension was for "unsatisfactory service."

On August 17, 1945, Jackson was permanently separated from State service by the civil service commission.  Promptly thereafter he sought to attack the discharge by writ of mandamus.  He claimed entitlement to written charges, and a hearing thereon before the corrections commission, as a condition precedent to discharge.

On January 7, 1946, this Court, in *Jackson* v. *Michigan Corrections Commission,* 313 Mich 352, upheld the discharge procedure and denied the writ.  The opinion also pointed out that Jackson was entitled to a hearing before the civil service commission if he sought one.

Such a hearing was sought and held.  On May 7, 1946, the civil service commission affirmed the dismissal:

"Suffice it to say that his failures left opportunity to his subordinates to conduct themselves in a manner unbecoming State employees, in the light of the responsibilities and duties of their respective posi-

tions.   Upon Mr. Jackson falls the responsibility for such actions of misfeasance and malfeasance on the part of his subordinates which came, or should have come to his attention in the exercise of reasonable diligence.   His failure to correct conditions brought about or permitted by his subordinates, and his failure to detect and correct conduct of such subordinates which may have been contrary to reasonably efficient prison administration is, in the opinion of this commission, failure to perform the duties of the high office which he has occupied for many years."

No appeal was taken from the order of the civil service commission affirming the discharge.

On May 27, 1946, Jackson filed an application for retirement.   His application described himself as warden of the State prison of Southern Michigan. The application was referred to the attorney general for an opinion as to Jackson's eligibility for pension.

On June 19, 1946, the attorney general held Jackson not eligible for retirement benefits because he had been removed from State service for reasons not "beyond his control."   See OAG 1945–1946, No 4753, p 732; PA 1943, No 240, § 20, as last amended by PA 1945, No 177 (Stat Ann 1946 Cum Supp § 3.981[20]).

After considerable delay during which both the corrections commission and the civil service commission addressed communications to the retirement board stating that Jackson's discharge was not related to "moral turpitude," the retirement board finally denied Jackson's application for retirement benefits on March 3, 1949.

Shortly thereafter Jackson applied for and received refund of his retirement contributions.

Jackson never was returned to State service.   During succeeding years with various changes in personnel of the retirement board, Jackson sought action to set aside the denial and to grant a hearing. All of these petitions were denied.   One such action

in 1955 was taken as a result of still another negative opinion from another attorney general (see 1 OAG 1955, No 2147, p 415). The last such denial by the retirement board was January 9, 1958.

On February 4, 1958, almost 9 years after the original denial of retirement benefits, the instant action was commenced under PA 1952, No 197, the administrative procedure act. Jackson's claim of right of judicial review related to the January 9, 1958, denial by the retirement board of his petition to reopen the matter.

After a motion to dismiss the cause of action had been denied by the circuit judge, and before hearing, Jackson died. On May 6, 1958, his widow filed a motion for substitution as party plaintiff.

The circuit judge who heard this motion filed a lengthy opinion and an order denying substitution and dismissing the cause of action. The order said:

"The court finds as follows:

"1. 'That plaintiff's dismissal from the State service and his acceptance of withdrawals of his contribution to the retirement fund make it impossible for anything but a judgment in favor of the defendants and against the plaintiff,' and

"2. 'On the subject of survival of the action in favor of the widow,' the court finds, 'that this likewise cannot be permitted under present statutory enactments.'

"It is hereby ordered, adjudged and decreed that the widow's motion for substitution be and it hereby is denied, and

"It is further ordered, adjudged and decreed that the plaintiff's original action be and it hereby is dismissed."

On appeal to this Court, appellant presents 6 issues. We consider decisive the last of these which pertains to timeliness of appeal.

Under the retirement statute as it was phrased in 1946 (PA 1943, No 240, § 20[f], as added by PA 1945, No 177 [Stat Ann 1946 Cum Supp § 3.981(20)(f)]; *Cf.* PA 1958, No 54, amending CL 1948, § 38.20 [Stat Ann § 3.981(20), subd (7)]), we could indeed adopt the reasoning as to Jackson's ineligibility for retirement which was stated by the circuit judge and by the 2 attorneys general who have dealt with this case on its merits (see the two OAG's, *supra; Van Coppenolle* v. *City of Detroit,* 313 Mich 580).

There must, however, be some terminal point for litigation. We believe it desirable to found our affirmance of the circuit judge's dismissal squarely upon a holding (sought by the attorney general in the court below and here) that there was no cause for action stated within the terms of the administrative procedure act. This act (CLS 1956, § 24.101 *et seq.* [Stat Ann 1952 Rev and Stat Ann 1957 Cum Supp § 3.560(21.1) *et seq.*]) was adopted in 1952 after the episodes took place upon which this litigation is based.

Section 8, subd (2), of that act provides:

"Proceedings for review shall be instituted by filing a petition in the circuit court in the county wherein appellant resides or has its principal place of business in Michigan or in the circuit court for Ingham county, within 30 days after personal service of the final decision of the agency or within 30 days after the mailing thereof, if notice is given by mail." (CLS 1956, § 24.108, subd [2] [Stat Ann 1952 Rev § 3.560 (21.8), subd (2)].)

We do not believe that the denial on January 9, 1958, of plaintiff's belated petition was "the final decision of the agency" referred to in the statutory language. Plaintiff himself entitled the belated petition as a "petition to review application for retirement, set aside denial of retirement benefits, and

grant a full hearing." It is obvious that this was a petition to set aside the "final decision" of the retirement board entered March 3, 1949. The current action for judicial review under the administrative procedure act was almost 9 years too late.

Affirmed. No costs, public questions being involved.

CARR, SMITH, BLACK, and VOELKER, JJ., concurred.

DETHMERS, C. J., and KELLY and KAVANAGH, JJ., did not sit.