377 P.2d 768

**PARADISE VALLEY WATER COMPANY, an Arizona corporation, Appellant,**

**v.**

**The ARIZONA CORPORATION COMMISSION et al., Appellees.**

**No. 7146.**

Supreme Court of Arizona, En Banc.

Jan. 16, 1963.

A. Michael Bernstein, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., John J. Casey, Asst. Atty. Gen., and Minne & Sorenson, Phoenix, of counsel, for appellees.

BERNSTEIN, Chief Justice.

This is an appeal from an order of the Superior Court of Maricopa County which granted a motion to dismiss a statutory appeal to that court from certain orders of the Corporation Commission. The material facts are these: The Indian Bend Investment Company filed application before the commission for a certificate of convenience and necessity to permit it to supply domestic water in an area of Paradise Valley. Thereafter Paradise Valley Water Company filed with the commission an application for an extension of its existing certificate to permit it to supply domestic water in the same area. A consolidated hearing was held on these conflicting applications in November, 1958. On January 27, 1959, the Corporation Commission issued its opinion and order approving the application of Indian Bend Investment Company. This order was designated "* * * an order preliminary to the issuance of a certificate of convenience and necessity, as contemplated by the provisions of Section 40–282, A.R.S., * * *"[1] and authorized the construction and operation of the contemplated system, pending the filing by Indian Bend of a franchise from Maricopa County, and pending the approval of the State Board of Health. On January 30th, 1959, the commission issued its opinion and order denying the application of the appellant, Paradise Valley Water Company. Paradise Valley Water filed a timely petition for rehearing with the commission. No action was taken by the com-

[1]. § 40–282, subd. D. "If a public service corporation desires to exercise a right or privilege under a franchise or permit which it contemplates securing, but which has not yet been granted to it, the corporation may apply to the commission for an order preliminary to the issue of the certificate. The commission may thereupon make an order declaring that it will thereafter, upon application, under rules and regulations it prescribes, issue the desired certificate, upon terms and conditions it designates, after the corporation has obtained the contemplated franchise or permit. Upon presentation to the commission of evidence that the franchise or permit has been secured by the corporation, the commission shall thereupon issue the certificate."

mission on the petition for rehearing, and no appeal was filed before the superior court with respect to these orders. On May 4th, 1959, the commission issued its opinion and order reciting the compliance of Indian Bend with the conditions (filing of necessary documents) of the order of January 27th, and granting the certificate of convenience and necessity sought by Indian Bend. Appellant filed a petition for rehearing with the commission with respect to the order of May 4th, and the commission took no action on this petition. Appellant thereafter commenced proceedings for review of this order in the superior court within the time required by A.R.S. § 40–254. The commission filed its motion to dismiss which was granted by the superior court, and this appeal followed.

Since this appeal was commenced, we decided in the case of Jenney v. Arizona Express, Inc., 89 Ariz. 343, 362 P.2d 664 (1961) that under the provisions of A.R.S. § 40–253, applications for rehearing before the Corporation Commission are automatically denied by inaction of the commission for a period of twenty days following the date of filing application, and that the thirty days in which to commence proceedings for review in the superior court run from the time of such denial. Under this decision, the action in the superior court by appellant was not timely to review the orders of January 27th and January 30th.

Therefore, the question now presented is whether the order of May 4th is an order from which an appeal may be taken to the superior court and, if so, what is the scope of the matters that may be reviewed by this appeal?

The commission argues that the orders of January 27th and January 30th finally adjudicated the respective rights of Indian Bend and Paradise Valley Water, and that the order of May 4th was simply a ministerial act of issuing the certificate by the commission upon the routine showing that the requirements of a franchise and of health department approval were met.

Certainly the order of January 30th unconditionally denied the application of Paradise Valley Water for a certificate entitling it to serve in the disputed area. The order of January 27th approved, without qualification, the application of Indian Bend to serve in the area, but, as contemplated by A.R.S. § 40–282, and by express reference to that section, made issuance of the certificate dependent upon securance of a franchise and health department approval. The order permitted (but did not require) Indian Bend to begin construction of its facilities pending the filing of the necessary documents.

Instead of issuing a document entitled "Certificate of Convenience and Necessity" when Indian Bend filed the franchise and the certificate of health department ap-

proval, the commission, on May 4th, issued a document entitled "Opinion and Order" which recited the filing of the required documents by Indian Bend and stated, " * * * this order shall constitute and be an order granting a certificate of convenience and necessity to Indian Bend * * * as contemplated by the provisions of Section 40–281 and 40–282 A.R.S., authorizing applicant herein to construct, operate and maintain a public water system within the area hereinabove described." No hearing preceded this order, and the only determination involved in its issuance was whether Indian Bend had in fact obtained a franchise from Maricopa County and the approval of the State Department of Health.

Under A.R.S. § 40–254, "Any party in interest, * * * being dissatisfied with any order or decision of the commission, may within thirty days after a rehearing is denied or granted, and not afterwards, commence an action in the superior court * * * to vacate and set aside such order or decision * * *." Paradise Valley Water, as a participant in the consolidated hearing, and as an existing utility in a contiguous area, is a "party in interest" in the matter of the issuance of the certificate of convenience and necessity. Cf. Corporation Commission v. Southern Pacific Co., 67 Ariz. 87, 191 P.2d 719 (1948). Nevertheless, by bringing an action to review the order of May 4th, Paradise Valley Water

may not obtain review of all previous orders of the commission in related matters, but only of the matters at issue in connection with the order appealed.

We do not suggest that, as to every order issued by the Corporation Commission, action to review must be immediately taken or the right of review under the statute is lost. Such a rule would unnecessarily increase the burden of the courts called upon to review actions of the commission. However, when an order of the Corporation Commission finally and completely terminates the litigation of issues between adverse parties, and settles the respective rights of the parties, action to appeal such order to the superior court must be taken within the time set by the statute. A later administrative order affecting one party only may not be availed of to re-open the litigated controversy. There must be a terminal point to litigation, cf. Jackson v. State Employees Retirement System, 358 Mich. 247, 99 N.W.2d 572 (1959); Pearce Hospital Foundation v. Illinois Public Aid Commission, 15 Ill.2d 301, 154 N.E.2d 691 (1958).

Appellant, as an interested party commenced timely appeal of the order of May 4th under the provisions of A.R.S. § 40–254. On such appeal, however, review is limited to the issues of whether or not appellee has obtained the required franchise and complied with the requirements of the State Board of Health. Appellant's com-

plaint in the superior court makes amply clear that it is seeking to review the merits of its controversy with Indian Bend and the Corporation Commission, not the compliance of Indian Bend with the conditions required for the issuance of the certificate. The motion to dismiss was therefore properly granted.

The judgment is affirmed.

UDALL, V. C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.