399 P.2d 913

**CITY OF TUCSON, a municipal corporation,**
**Appellant,**

v.

**ARIZONA CORPORATION COMMISSION,**
and George F. Senner, Jr., A. P. Buzard
and E. T. Williams, Jr., as members of and
comprising the same, and M. M. Sundt Con-
struction Co., an Arizona corporation, Ap-
pellees.

**No. 2 CA–Civ 22.**

Court of Appeals of Arizona.

March 10, 1965.

Calvin Webster, City Atty., Joe R. Pur-
cell, Asst. City Atty., Tucson, for appellant,
City of Tucson.

Robertson, Childers, Burke & Drachman, by Frank E. Drachman, Jr., Tucson, for appellee Sundt.

Robert W. Pickrell, former Atty. Gen., Darrell F. Smith, Atty. Gen., Sidney Rosen, Asst. Atty. Gen., Phoenix, for appellee Arizona Corporation Commission.

KRUCKER, Chief Judge.

The City of Tucson brought an action in the Superior Court of Pima County, Arizona, for a declaratory judgment, seeking determination of the validity and intent of an Opinion and Order of the Corporation Commission, dated April 27, 1961, granting a Certificate of Convenience and Necessity to Appellee-Defendant, M. M. Sundt Construction Co., to operate a public water utility on three sections of land in Pima County, Arizona, leased by Sundt from the State of Arizona at the time of its application for a certificate, and at the time of hearing thereon before the Corporation Commission, Sundt had no franchise from the Board of Supervisors of Pima County. In its order which is Exhibit "A", Docket No. U–1622, Decision No. 33081, the Commission stated:

"B. That applicant will obtain required approval from the State Land Department and the water division thereof, from the Board of Supervisors of Pima County and all other lawfully authorized bodies giving to applicant authorization to construct, install, operate and maintain a water system which shall include a franchise authorizing the use of public roads or lands for such purposes."

The material facts are these:

Sundt filed application August 3, 1959, with the Commission for a Certificate of Convenience and Necessity, which application was heard on November 9, 1959, at which hearing the City of Tucson filed opposition and presented evidence. The Corporation Commission took the application under advisement and issued an Opinion and Order, as stated above, on April 27, 1961.

On June 22, 1961, the City filed an application for rehearing. As of August 17, 1961, the date of the filing of this action in the lower court, the Commission had not acted on the application for rehearing.

The trial court dismissed the complaint as not being filed within 30 days after the denial of the motion for rehearing. A.R.S. § 40–254. From the order granting the motion to dismiss the complaint, plaintiff, City of Tucson, appeals.

The issues before this Court are: (1) Was the trial court correct in finding this was an action seeking to set aside an order of the Commission and that said complaint was not timely filed; and (2) Could the Certificate of Convenience and Necessity issue until the defendant Sundt had complied with the provisions of A.R.S. § 40–282, subsec. B, requiring "every applicant" to submit evidence that it has received a franchise from the proper county or municipal authority.

The trial court was correct. Our Supreme Court has specifically held that the provisions of A.R.S. § 40–254 must be complied with, that an application for a rehearing under A.R.S. § 40–253 is automatically denied by inaction by the Commission for a period of 20 days following the date of filing application, and that the 30 days in which to commence proceedings for review in the Superior Court are from the time of such denial. Paradise Valley Water Co. v. Arizona Corporation Commission (1963) 92 Ariz. 391, 377 P.2d 768. See also Jenney v. Arizona Express, Inc. (1961) 89 Ariz. 343, 362 P.2d 664.

The complaint for declaratory judgment sought to declare that the order of April 27 could not be a final order, because there had been no franchise secured previously by the applicant. There was nothing ambiguous or uncertain about the order of the Commission. It said, in part:

"Wherefore, it is ordered that the application be and it is hereby, approved, and this order shall constitute and be a certificate of convenience and

necessity, as contemplated by the provisions of Section 40–281, A.R.S. * * *"

In view of the certainty of this order, the declaratory judgment action seeking to hold the order to be only a preliminary order, with no finality, is, in effect, an attack thereon, and being a collateral one, is barred under the above cited authority.

As previously stated, the lower court granted the motion to dismiss on the ground that the complaint by the City of Tucson to set aside an order of the Corporation Commission was not timely filed.

It appears to this court that the lower court could have held, instead, that the City's motion for a rehearing by the Commission was untimely; therefore, the City had failed to exhaust its administrative remedies. See Jenney v. Arizona Express, Inc., supra. Because this is not before the court, the court does not express its opinion as to this point.

As to the second contention, this Court holds that an order of the Corporation Commission may order compliance with the provisions of A.R.S. § 40–282, subsec. B, as a condition subsequent to its order granting a certificate. Paradise Valley Water Co. v. Arizona Corporation Commission, supra.

It is, therefore, ordered that the order granting the motions to dismiss and the order dismissing the complaint by the lower court are affirmed.

MOLLOY, J., and MARY ANNE RICHEY, Judge Superior Court, concurring.

NOTE: The Honorable JAMES D. HATHAWAY being unable to participate in the oral argument, the Honorable MARY ANNE RICHEY, Judge of the Superior Court, Pima County, was called to sit in his stead and participate in the determination of this decision.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1476. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.