In the Matter of the Petition of the MANHATTAN SAVINGS INSTITUTION to Vacate an Assessment.

The practical construction put upon a statute by public officers whose duty it is to obey it is not controlling upon the courts.

*People ex rel.* v. *Dayton* (65 N. Y. 367), distinguished.

As a proceeding to vacate an assessment is a special proceeding, it is governed by the limitation prescribed by the Code of Civil Procedure (§§ 388, 414), and a delay in moving, for a less time than there limited, is not fatal to the proceeding.

In the advertisement for proposals for constructing a sewer in the city of New York a price was fixed to be allowed for rock excavation, and the price so fixed was included in the contract, thus withdrawing the item from competition. *Held*, that this was not a compliance with the provision of the statute requiring the work to be let by contract, after advertisement, to the lowest bidder; and that the contract and an assessment for the work was illegal and void.

(Argued June 18, 1880 ; decided September 21, 1880.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, affirming an order of Special Term, which vacated an assessment upon certain lots of the petitioner in the city of New York for a sewer in Fourth avenue.

*Francis Lynde Stetson* for appellant. Where a uniform course has been adopted by public officers in interpreting a law, it should be assumed that that course is proper. (*People ex rel. Williams* v. *Dayton*, 55 N. Y. 367; Story on Const., § 408; Cooley's Const. Lim. 67.) The petition for the vacation of the assessment should have been denied, because of the *laches* of the petitioner before instituting these proceedings. (*Wiggin* v. *Mayor*, 9 Wend. 16, 25; *People* v. *Supervisors*, 15 id. 198; *Elmendorf* v. *Mayor*, 2 Hill, 12, 13; *People* v. *Stilwell*, 19 N. Y. 531; *People* v. *Hill*, 53 id. 549; *People* v. *Utica*, 65 Barb. 9; *State* v. *Water Com'rs of Jersey City*, 30 N. J. Law, 247; *Chinn* v. *Trustees*, 32 Ohio St. 236, 238; *People* v. *Supervisors of Westchester*, 12 Barb. 446, 450.)

*Alexander B. Johnson* for respondent. The questions involved upon this appeal are *res adjudicata*. (*Matter of Mahan ; Matter of Mayer ;* Court of Appeals, MSS.) The reservation of the item of rock excavation from competition was fatal to the assessment. (*Brady* v. *The Mayor*, 20 N. Y. 312; chap. 308, Laws of 1861; *State* v. *Mayor, etc., of Patterson*, 36 N. J. Law [7 Vroom], 159; *Matter of the Emigrant Industrial Savings Bank*, 75 N. Y. 395; *Moore* v. *The Mayor*, 73 id. 238.) The petitioner could not be barred from instituting these proceedings by reason of the *laches* of his grantor. (*Matter of Walters*, 75 N. Y. 356.) This being a special proceeding, the Code prescribes the time within which it must be commenced, and there can be no *laches* short of that period. (*Matter of Tappen*, Court of Appeals, MSS.; *Matter of Trustees of Presbytery*, id.; *Matter of Jetter*, id.; Code, §§ 388, 414.)

DANFORTH, J. The *Mahan case* went against the appellant upon the single ground that the provisions of the statute, under which the proceedings there brought in question were instituted, had not been complied with. 'It appeared that the price allowed for certain rock excavation, to be made in the course of the improvement, was fixed by the commissioner, and so that portion of the work withheld from competition. The

same fact exists here. It is claimed, however, by the learned counsel for the appellant that "in view of the uniform course of public officers in interpreting the law, it should be assumed that the course adopted was proper;" and in support of this position he cites *Dayton's case* (55 N. Y. 367). The construction upheld was that which had been given to the statute there under consideration by the legislature, the makers of the law. It has no application where, as in this instance, the construction is given by the party whose duty it was to obey the law; and *Mahan's case* must control.

There might be force in the appellant's argument, based upon delay of the property owner in moving to vacate the assessment, but this is a special proceeding (*Matter of Jetter*, 78 N. Y. 601); it was commenced within the time limited by statute (Code, §§ 388, 414), and by that rule must be governed.

The order appealed from should be affirmed, with costs.

All concur. FOLGER. Ch. J., on authority of *In re Robbins.* Order affirmed.