IN THE MATTER OF JOHN PAINE TO VACATE AN ASSESSMENT, ETC.

*Assessment — void if one item of work be withdrawn from competition, though such item amount to less than $1,000.*

When, in the proposals for bids for constructing a sewer, a price is fixed for the foundation planks, and no estimate is given of the quantity to be used, an assessment, based upon the contract, is void if the total expenditure exceeded $1,000, even though the total cost of the foundation plank was less than that sum.

APPEAL from an order of the Special Term reducing an assessment.

*J. A. Beall*, for the mayor, etc., of New York, appellant.

*J. C. Shaw*, for the petitioner, respondent.

BRADY, J.:

This is an application to reduce an assessment for a sewer. In the contract for the work a fixed price was inserted for the expense of foundation planks and no estimate was made of the quantity to be used. This item was not submitted to competitive bidding. In conformity with the decisions upon that subject, namely the omission to submit the item to competitive bidding, and the decision in the *Matter of Merriam* (84 N. Y., 596), the assessment was declared to be illegal and reduced by deducting from it the work done at fixed prices and for which no competition was invited.

The *Matter of Mahan* (20 Hun, 301, affirmed in the Court of Appeals, 81 N. Y., 621); *Manhattan Savings Bank* (82 N. Y., 142), and the *Matter of the Gas-Light Company* (not yet reported), all sustain the proposition that the item objected to was improperly inserted, and render the assessment subject to reduction.

It is contended on the part of the corporation, however, that as the item is less than $1,000 under the provisions of the charter, it can be sustained. The provisions of the charter are, where the separate items of work and materials shall together amount to an expenditure of more than $1,000 the same shall be let by contract, and the contract shall be entered into by the appropriate heads of

departments, and shall be founded on sealed bids, etc. (See charters of 1857 [chap. 446], 1870 [chap. 137] and 1873 [chap. 335].)

It seems to be indisputable that this view cannot be sustained for the reason that the contract related to the improvement, the accomplishment of which rendered it essential that all the items embraced within it and set forth should be provided for, and they amounted, united, to several thousand dollars. If the expenses of the improvement could be divided up into fragmentary parts, as seems to be involved in the proposition of the counsel for the appellant, then the object of the provision in the charter referred to would be overcome. Its design was to prevent the splitting up of expenditures into sums of less than $1,000 by separate contracts, and therefore to prevent exactly what it is urged upon us here to sustain. The contract for the improvement involved an expenditure, all its elements being considered, of more than $1,000, and when we have ascertained that fact the answer to the proposition submitted by the counsel for the appellant is complete. The statute requires that every part of the work contemplated shall be admitted to public competition, and prohibits the corporation from fixing in advance the price for an unknown quantity of an unknown article, as is properly suggested by the respondent's counsel. (See cases, *supra;* chap. 335 of the Laws of 1873.) If the difficulty of determining precisely the amount of labor necessary for the accomplishment of the designed improvement had been insurmountable, as said BARRETT, J., in the Merriam case, the commissioner should, at least, as was suggested in *Brady* v. *The Mayor* (20 N. Y., 312), have left the item to be paid for by day's work, or what it was worth.

The order should be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.