By the Court.—Horace Russell, J.
The grounds urged before us for the reversal of this judgment were (1) that the judge at special term misconceived the meaning of the second policy issued; (2) that the plaintiff, if he ever had any cause of action, had lost it by his own laches ; and (3) that the representations of the cashier were not binding upon the defendant, he having no authority to make them, and the defendant never having ratified them.
*459 1. As the first objection is to a conclusion of fact rather than of law, it is only necessary to say that there is evidence to support the finding below, and, indeed, the witness relied on by the defendant testified that the policy was capable of the interpretation put upon it by the plaintiff’s witnesses, although that was .not the interpretation he put upon it or which was put upon it by the defendant.
2. The judge below having by his finding determined that the plaintiff was guilty of no laches such as should prevent the granting of the relief demanded, we see no reason for disturbing the finding, which was discretionary (Hay v. Star Fire Ins. Co., 77 N. Y. 235). Indeed, it may well be doubted whether the plaintiff had not the statutory time within which to bring his action, viz., six years (Code, § 382., subd. 5), and so, whether it could be held that any action brought within that time should fail because of laches (Matter of Man. Savings Ins., 82 N. Y. 142). The fact that the second policy was obscure in its terms, so much so that only experts in insurance matters could understand it, takes this out of that class of cases where courts of equity have refused to relieve a party who by the exercise of ordinary diligence, and by such an examination as a prudent person ought to have made, might have discovered the falsity of the represen tat ions.
3. As to the cashier’s authority to make the representations so as to bind the defendant, there was no other evidence than that he, when receiving premiums from the plaintiff, urged the plaintiff to make the surrender of his first policy, making the representations relied on, and the defendant thereafter issued to the plaintiff the new policy. The cashier acted as the agent of the defendant in that transaction, whether within the scope of his ordinary employment or not. There was no evidence offered on the part of the defendant that his action was not within the scope of his *460 ordinary employment, and the company ratified his act by issuing the new policy. These facts were sufficient, in our judgment, in the absence of any contradiction, to justify the judge below in holding that the cashier was the defendant’s agent, and that the defendant was bound by and responsible for his misrepresentations.
The judgment was right, and should be affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.