[Civil No. 1103.   Filed April 2, 1910.]

[108 Pac. 252.]

E. B. VAN VEEN, Plaintiff and Appellant, v. THE COUNTY OF GRAHAM, Defendant and Appellee.

1. STATUTES — CONSTRUCTION — PRACTICAL CONSTRUCTION.—In the absence of judicial construction of a statute, a long-continued practical construction given to it by officers required to act under it is entitled to great, if not controlling, weight.

2. SAME—SAME—RE-ENACTMENT OF STATUTE AFTER PRACTICAL CONSTRUCTION.—Where the legislature re-enacts a statute after uniform construction by the officers required to act under it, the presumption is that the legislature knew of such construction, and adopted it in re-enacting the statute.

3. COURTS—ALLOWANCE—COURT REPORTER—"TRAVELING EXPENSES."— Laws of 1907, chapter 74, section 15, paragraph 14, allowing the court reporter his "actual traveling expenses" in attending the district court away from his official residence, authorizes, in view of a uniform practical construction to that effect of a prior similar statute, an allowance for his board and lodging at the place where the court is held.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for Graham County. Frederick S. Nave, Judge. Reversed and judgment rendered.

The appellant, as court reporter for the fifth judicial district, incurred certain expenses in attending sessions of the district court in Graham county, away from his official residence, his accounts for which were approved by the district judge, and allowed by the board of supervisors of Graham county, except as to such portions as were for board and lodging at the place of holding court, which was disallowed. Appellant refused to accept the allowed portions of his claims, and within the time provided by law brought suit for the re-

covery of the whole amount, viz., the sum of $101.75. A general demurrer was interposed to the complaint, which was by the court sustained. Appellant refusing to amend, judgment for costs was thereupon entered in favor of defendant, from which judgment this appeal is taken.

W. C. McFarland and John W. Murphy, for Appellant.

Lee N. Stratton, District Attorney, for Appellee.

DOE, J.—The complaint unquestionably states a valid cause of action, provided the disallowed items were properly chargeable to the county. Paragraph 14, section 15, chapter 74, Laws of 1907, provides: "The court reporter shall be allowed his actual traveling expenses in attending the district court away from his official residence, his account for which, when approved by the presiding judge shall be allowed and paid as other claims against the county wherein said court is held." And the only question raised by this appeal is whether appellant's board and lodging at the place where the court was held are a proper charge under this provision of the statute.

Our attention has not been called to any case in which the expressions "actual traveling expenses" or "traveling expenses" have been defined. The statutory provision above quoted is substantially the same as that contained in paragraph 1488, chapter 19, of the Revised Statutes of 1901, which provides that he shall receive "his actual traveling expenses in attending any district court." Ever since the enactment of the 1901 provision, we are advised that it has been the uniform practice of district attorneys and boards of supervisors throughout the territory to construe the words "actual traveling expenses" as including the board and lodging of the reporter during his attendance upon terms of court away from his home. In the absence of judicial construction of this or any similar statutory provision, the long-continued practical construction given to it by these officers is entitled to great, if not controlling, weight. *Avery* v. *Pima County,* 7 Ariz. 26, 60 Pac. 702; *Copper Queen etc. Min. Co.* v. *Territorial Board,* 9 Ariz. 383, 84 Pac. 511; *United States* v. *Johnston,* 124 U. S. 236, 8 Sup. Ct. 446, 31 L. Ed. 389; *United States* v. *Finnell,* 185 U. S. 236, 22 Sup. Ct. 633, 46 L. Ed.

890. Presumptively the legislature which enacted the statute of 1907 was aware of the construction theretofore uniformly given the statute of 1901, and was satisfied therewith, or it would have changed it in the enactment of 1907, and the use by it of the words "actual traveling expenses" may fairly be deemed an adoption of such construction. *Copper Queen etc. Min. Co.* v. *Territory,* 9 Ariz. 383, 84 Pac. 511; *United States* v. *Finnell, supra.* We think the demurrer should have been overruled, and judgment rendered for the amount prayed upon the stipulated facts.

The judgment of the district court is reversed, and judgment entered in this court in favor of the appellant, E. B. Van Veen, and against the appellee, the county of Graham, for the sum of $101.75, and for the costs of appellant both in this court and the court below.

CAMPBELL and LEWIS, JJ., concur, KENT, C. J., concurs in the result. DOAN, J., dissents.