JANUARY TERM, A. D. 1914          389

State ex. rel. Scott v. McClure and Richardson, 19 N. M. 389

[No. 1719, September 7, 1914.]

STATE OF NEW MEXICO, ex rel., K. K. SCOTT, District Attorney of the Fifth Judicial District, Relator, vs. JUDGE JOHN T. McCLURE, and JUDGE GRANVILLE A. RICHARDSON, Judges of the District Court of the Fifth Judicial District of the State of New Mexico, Respondents.

## SYLLABUS BY THE COURT.

1.   Section 1, Chapter 54, Laws 1913, construed, and held: That the provisions of this section allowing district attorneys their actual traveling expenses, incurred while in the discharge of their duties, authorizes the allowance to such district attorneys of expenses contracted for   board and lodging, where such expense is incurred while the official is absent from his usual place of abode, such expenses to be shown by sworn statement of the district attorney, and to be paid by the county in behalf of which such expense is incurred, upon order of the district court.   .   ·

P. 392

Mandamus.   Original in the Supreme Court. Peremptory Writ Ordered.

## STATEMENT OF FACTS.

This is an action in mandamus upon the relation of the District Attorney of the Fifth Judicial District of the State of New Mexico, to compel the approval and allowance out of the court fund of the several counties of the said district, expense accounts of the district attorney for board and lodging while in attendance upon court in said counties, or otherwise engaged in performance of his duties as such district attorney, while absent from his usual place of abode. The accounts were itemized and presented to the respondents for approval, and such approval was withheld for the reason that, in the opinion of respondents, board and lodging were not proper items of expense under the provisions of the act relative to salaries of district attorneys, Chapter 54, Laws of 1913.

## OPINION.

HANNA, J.—The act of the legislature which we are called upon to construe, Chapter 54, Laws of 1913, after fixing the amount of salary to be paid to each district attorney of the several districts, in its first section, provides for traveling expenses of the several district attorneys, in the following language:

"Provided, that the actual traveling expenses of the district attorneys, incurred while in the discharge of their duties, shall be paid by the county in behalf of which same are incurred, upon order of the court, supported by sworn statement of such expenses, out of the court fund of each county."

The question for our determination is, therefore, the meaning of the words "actual traveling expenses", as the same appeared in the foregoing provision of the statute, and whether or not such meaning contemplates the allowance to district attorneys of expenses incurred for board and lodging while away from home on official business. If such items of expense are properly chargeable under the law, the petitioner in this case is entitled to the relief sought.

It is urged by petitioner that the construction of this provision of the statute by other district courts of the State has favored the allowance of similar items of expense, and that the Attorney General, Honorable Frank W. Clancy, in a recent opinion, has held that the words "actual traveling expenses" should be held to include board and lodging of the district attorney. Had the construction referred to been longer, and of more uniform character, we might be disposed to base our opinion in this case upon the ground that such construction would be entitled to great, if not controlling, weight.

It does not appear that all of the district judges have adopted this construction, and hence the necessity for bringing the present action clearly indicates that at least two of the district judges of the State have not adopted the construction here contended for.

Our attention has been directed to but one case which

could be considered to even remotely apply to the facts in this case, and we have not been able to find in our independent research any other case of a similar character which would be of aid to this court in considering the language under consideration. The one case to which our attention is directed is a case of Van Veen vs. Graham, 13 Ariz. 167, 108 Pac. 252, in which case the Supreme Court of Arizona held that actual traveling expenses in attending the district court away from his official residence authorized an allowance for his board and lodging at the place where the court is held. The applicant for the allowance in this case was the court reporter, and while the decision is primarily based on what the court denominated a uniform practice construction to that effect of a similar statute, we believe that the reasoning of that case is applicable to the case at bar. It is well known to this court that the district attorneys of eight districts of this State are called upon to make frequent visits to the several counties of their districts, for the purpose of attending upon the sessions of the district court, meetings of the boards of county commissioners, preliminary hearings, and numerous other matters of public concern, and that the amount of traveling necessary in attending to such duties largely depends upon the size of the district, and the amount of work devolving upon such official within such district. To require the district attorney to pay his board and lodging without allowance out of the court fund to reimburse him, would cast upon the district attorney having the largest district and the greater volume of work, a greater burden than would perhaps devolve upon other district attorneys having a smaller district and a lesser volume of business. It is also a matter of general information that district attorneys are often required to be away from their usual abode in attendance upon the sessions of court, for a period of three to possibly six weeks at a time. The expense for hotel accomodations or board and lodging would quite uniformly require the expenditure of a large proportion of the district attorney's salary. All of which would tend to make it impossible for the State to procure the services of com-

392      SUPREME COURT OF NEW MEXICO

State ex. rel. Scott v. McClure and Richardson, 19 N. M. 389

petent officials. It may be argued that the district attorney would have to provide for his living expenses, if at home. While this is true, it is also true that the officials are put to this expense as a usual thing in any event, and their absence from home does not materially reduce such expense, so that their board and lodging expenses while away from home, are customarily additional items of expense over and above their usual living expenses at home. It was apparently the intention of the legislature to reinburse district attorneys for actual traveling expenses by which we understand that the legislature intended to reinburse such officials for all actual expenses incurred by them while away from their usual abode, resulting from the necessity of their absence while engaged in the public business While this opinion is limited to the question of whether or not items for board and lodging are to be included within the actual traveling expenses, and not to be given a broader construction, we are clearly of the opinion that such items are proper charges against the several counties when the same arise by reason of necessity of the district attorney's traveling upon public business of the counties against whom the charge is made. We therefore hold that the provisions of Section 1, Chapter 54, Laws of 1913, allowing district attorneys their "actual traveling expenses" incurred while in the discharge of their duties, authorizes the allowance to such district attorneys for board and lodging in the place where the district attorney contracts such expenses other than at his usual place of abode, provided such expense be incurred while such district attorney is in the discharge of official duties, to be paid by the county in behalf of which such expense is incurred, upon order of the court, to be supported by sworn statement of such items of expense.

For the reasons stated, it is ordered that a peremptory writ of mandamus issue, as prayed by petitioner.