William LeB. JENNEY, an individual dba Jenney Freight Line,

and

Corporation Commission of the State of Arizona, George F. Senner, Jr., William T. Brooks and E. T. "Eddie" Williams, Jr., as the Corporation Commissioners of the State of Arizona and Members of said Commission, Appellants,

v.

ARIZONA EXPRESS, INC., an Arizona corporation, Appellee.

No. 7207.

Supreme Court of Arizona.

June 9, 1961.

Rehearing Denied July 11, 1961.

Wade Church, then Atty. Gen., and Robert W. Pickrell, the Atty. Gen., Moore, Vlahovich & Greenwood, Bisbee, for appellants.

Beer, Seaman & Polley, Phoenix, for appellee.

UDALL, Justice.

Appellant Jenney and appellee Arizona Express both filed applications with the Corporation Commission seeking to obtain certificates of convenience and necessity to haul freight from Tucson to Sierra Vista and intermediate points over a route—part of which was not then being served by a line haul permit. Arizona Express held a certificate of convenience and necessity to haul freight between the two terminal points but over a partially different route. The corporation commission granted the application of Jenney and denied the application of Arizona Express. Thereafter Arizona Express brought two actions in the superior court seeking to set aside the orders of the corporation commission. The causes, No. 103807 and No. 103808, were consolidated for trial. Jenney intervened in both actions.

After hearing all issues including Jenney's motion to dismiss on the ground that the superior court was without jurisdiction for the reason that the actions were not timely filed under the statute authorizing such actions the court vacated both orders of the commission. The court entered orders that the decision of the commission to grant Jenney a certificate of convenience and necessity be vacated and that the decision of the commission denying the application of Arizona Express be set aside with directions to issue a certificate of convenience and necessity to Arizona Express.

This appeal is from the action of the superior court.

The initial question which has been raised and must be resolved by this court is whether the superior court was without jurisdiction to entertain these two causes of action.

A.R.S. § 40–253, subd. B provides:

"No claim arising from any order or decision of the commission shall accrue in any court to any corporation or person, or the state, unless the corporation or person, or the state, makes, before the effective date of the order or decision, application to the commission for a rehearing."

A.R.S. § 40–254, subd. A requires that any such action in the superior court may be commenced within thirty days after the rehearing is denied or granted and not afterwards. Thus two questions must be answered in this case: First, when were the motions for rehearing denied, and second, were these actions filed within thirty days of these denials?

The answer to both questions turns on the correct interpretation of A.R.S. § 40–253, subd. D, which reads as follows:

"An application for a rehearing made ten days or more before the effective date of the order on which a rehearing is sought shall be granted or denied before the effective date, or the order

shall be suspended until the application is granted or denied. If application is made within less than ten days before the effective date, and not granted within twenty days, it shall be deemed denied, unless the effective date of the order is, within the twenty days, extended for the period of the pendency of the application. If an application for a rehearing is granted without a suspension of the order involved, the commission shall forthwith hear the matter, and determine it within twenty days after final submission. If the determination is not made within such time, the application shall be deemed denied."

We agree with appellant that the effective date of an order of the commission granting or denying a certificate of convenience and necessity is twenty days after that order is entered. While the effective date is nowhere clearly set out we think that in this case the uniform interpretation applied to this section by the commission is determinative. A.R.S. § 40–243 gives the commission authority to adopt rules of practice and procedure. Pursuant to this authority the commission has since at least 1952 uniformly adhered to the rule that the effective date of the order is twenty days after the date of the order. Where the legislature re-enacts a statute, as was done in the case of § 40–253, subd. D in the revision of 1956, after uniform construction by the officers

required to act under it, the presumption is that the legislature knew of such construction and adopted it in re-enacting the statute. Van Veen v. County of Graham, 13 Ariz. 167, 108 P. 252. Thus, although we are not bound by the administrative interpretation, where any serious doubt as to the proper interpretation exists we will not adopt one different from that adopted by the appropriate administrative body. Long v. Dick, 87 Ariz. 25, 347 P.2d 581. Since the time of effective date is nowhere clearly set out and the commission's interpretation is clearly consistent with the statute on its face we see no reason to depart from the presumption of legislative acquiescence in administrative interpretation. The effective dates established in §§ 40–247 and 40–250 (one twenty and the other thirty days after the entry of the orders authorized by those sections) have no relation to § 40–253 and cast no light on the matter.

Since the effective date of each order of the commission in this case was twenty days after the date of the respective orders, the rehearing was denied, and the thirty day period in which action could be brought in the superior court commenced running at one of two possible times. If the application for rehearing were filed more than ten days before the effective date then § 40–253, subd. D establishes one timetable under which the commission must grant or deny the application. If, as in this case it was, the application for rehearing is made less

than ten days before the effective date then the commission has a different timetable under which it has twenty days from the filing of the application to either grant or deny the application. If it fails so to act the application is automatically denied and the thirty day period for filing of an action in the superior court commences to run.

Appellee argues that § 40–253, subd. D does not provide for automatic denial but merely that the party petitioning for rehearing may, at his own discretion, treat the petition as denied after twenty days of nonaction by the commission. It is true that as this section read in the 1913 Code, § 2342, it expressly made the cut-off date optional with the petitioner. But in the revision of 1928 the language was changed from permissive to mandatory. The language as it now stands is clear and unambiguous. "It shall be deemed denied" cannot be read any other way than as a mandatory provision. The argument that the revisions of 1928 and 1956 were not intended to make substantive changes have long since been rejected. They were true revisions and reenactments. State of Arizona v. Griffin, 58 Ariz. 187, 118 P.2d 676, 678.

Since the language here in dispute is clear we cannot ignore its meaning and adopt the language used before the revision of 1928. We held in State of Arizona v. Griffin, supra, that

"it is only when the provisions of the code of 1928 are ambiguous that we may refer to the earlier codes to ascertain their meaning. When they are clear, distinct and positive on their face, the language and provisions of the previous code are immaterial."

None of the many cases cited by appellee are contrary. Each of them involved some ambiguity which required the court to look to the history of the statute for resolution.

In this case there were two orders of the commission, each on a separate timetable. The first was the order granting Jenney a certificate of convenience and necessity. The second was the order denying Arizona Express a certificate of convenience and necessity. The first order, in protest of which cause No. 103807 was filed in the superior court, was entered September 17, 1958. The application for rehearing was filed October 1, 1958, and was not denied by the commission until November 10, 1958. The above-numbered action was filed in the superior court on November 24, 1958. Under the statute as we have interpreted it the effective date of the commission's order would have been twenty days after September 17th or October 7th. Thus the application for rehearing made October 1st was made within less than ten days before the effective date. Under this state of facts the statute gives the commission twenty days from the filing of the ap-

plication for rehearing to either grant or deny the application. The end of that twenty day period would have been October 21st. Since the commission did not act on the application within the twenty day period the statute provides that the application is automatically denied by operation of law on the twentieth day after the application for rehearing. In this case that automatic date was October 21st. On that day the thirty day period of limitation on the right to file an action in the superior court commenced to run. Thus the period during which the action could be timely filed terminated on November 20th. Since the action was not filed until November 24th it was not timely.

■ Inasmuch as the first action was not timely filed the second action must also fail even though under the timetable of this statute it was timely filed. The reason being that the failure of the first action confirms in Jenney a certificate of convenience and necessity to operate over the contested route leaving the superior court without authority to order a certificate issued to Arizona Express (as the second cause seeks to have the superior court do) under our regulated monopoly theory.

■ It is contended however that since the commission actually did act on the application for rehearing after the automatic denial date that this constitutes an implied exercise of the commission's power to ex-

tend the automatic termination date. We do not agree. This extension cannot be granted by implication. Appellee has shown us no cases to the contrary. All cases cited by appellee involve a suspension or denial by operation of law through the entry of some type order by the court: at the very least an order taking the motion under advisement. In this case the commission entered no order in relation to the application for rehearing until it entered an order denying the application. Since the commission did nothing to stay the statutory denial by operation of law its own order was a nullity for it only duplicated what the operation of law had already accomplished.

■ Appellee challenges the right of appellant who entered the case as an intervener to question the jurisdiction of the superior court to hear this matter. While there is some language in Pintek v. Superior Court, 78 Ariz. 179, 277 P.2d 265, to the effect that an intervener will not generally be allowed to assail the jurisdiction of the court, we think this matter is governed by Rules of Civil Procedure, 16 A.R.S., Rule 12(i), subd. 2, which provides:

"That, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

This section makes mandatory the dismissal of the action at any time lack of juris-

diction over the subject matter appears no matter how it comes to the attention of the court. The fact that it was an intervener who called the matter to the attention of the court does not make dismissal by the court less mandatory.

An intervener may challenge jurisdiction of the court. Our rules of civil procedure were adopted from the federal rules and we give great weight to interpretations given to similar federal rules. Harbel Oil Company v. Steele, 80 Ariz. 368, 298 P.2d 789. The rule under federal practice is that an intervener may question the court's real jurisdiction over the subject matter. See, e. g., Scattergood v. American Pipe & Construction Co., 3 Cir., 249 F. 23; see also 4 Moore's Federal Practice (2d ed.), p. 112.

The federal rule is particularly persuasive in this case and others like it where the intervener is the real party in interest. In fact, a great number of these cases which dispute rulings of the commission are primarily disputes between carriers wherein the real party in interest is not the commission itself. In all of these cases the real party in interest would be an intervener because the statute requires all actions in protest of rulings by the commission to be brought against the commission. It would be intolerable in these many cases to require that, so far as jurisdiction is concerned, the real party in interest take the case as he finds it at the time of his intervention.

For the foregoing reasons the judgment of the superior court in causes No. 103807 and No. 103808 is reversed and the orders of the commission reinstated.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.