485 P.2d 814

**John MUMMERT, as Sheriff of Maricopa County, Arizona, as successor to L. C. Boies, as Sheriff of Maricopa County, Arizona, Appellant,**

**v.**

**THUNDERBIRD LANES, INC., an Arizona corporation, Papago Bowl, an Arizona corporation, and Wagon Wheel Lanes, an Arizona corporation, Appellees.**

**No. 10391–PR.**

Supreme Court of Arizona,
In Banc.

June 10, 1971.

Gary K. Nelson, Atty. Gen., by James D. Winter, Asst. Atty. Gen., Phoenix, for appellant John Mummert.

Moise Berger, Maricopa County Atty., by Frederic W. Heineman, Sp. Deputy County Atty., Phoenix, for appellant L. C. Boies.

Brown, Vlassis & Bain, Phoenix, for appellees.

HAYS, Vice Chief Justice.

This cause is before us on a petition for review of a decision of the Court of Appeals, Division One, which reversed a judgment entered by the Superior Court of Maricopa County. Mummert v. Thunderbird Lanes, Inc. et al., 13 Ariz.App. 510, 478 P.2d 125 (1970). The opinion of the Court of Appeals is vacated.

The only question on this appeal is the interpretation of A.R.S. § 42–1134 which reads as follows:

"Each proprietor or keeper of a billiard table for the use of which, or for playing upon which, any charge of any kind is made, shall pay a quarterly license tax of ten dollars, and for each nine-pin or ten-pin bowling alley or any similar device not kept exclusively for family use, a quarterly license tax of ten dollars. No such license shall be granted for less than three months for any such table or alley."

The pertinent facts of this case are not in dispute. For a thirty-seven year period beginning not later than 1931, the defendant-appellant, the Sheriff of Maricopa County, collected the $10 quarterly license tax prescribed by A.R.S. § 42–1134 on a per establishment basis and without regard to the number of billiard tables or bowling alleys operated by such establishment. Pursuant to this administrative interpretation, each plaintiff-appellee, Thunderbird Lanes, Inc., Papago Bowl and Wagon Wheel Lanes, although a proprietor of a multiple billiard table and bowling alley establishment, was assessed a quarterly license tax of only $20; $10 for the operation of its billiard tables and $10 for the operation of its bowling alleys.

On October 1, 1968, however, the Sheriff assessed and collected the $10 quarterly license tax based on the number of billiard tables and bowling alleys in each establishment. Plaintiffs paid, under protest, the resultant increase in tax and brought an action against the Sheriff for a refund. Both parties moved for summary judgment and the Superior Court of Maricopa County give judgment for the plaintiffs.

First, we realize that the significance of the question before us is dimmed somewhat by the recent repeal of A.R.S. § 42–1134. The issue, however, is still not moot with respect to the parties involved in this appeal.

The cornerstone of the Sheriff's contention is that A.R.S. § 42–1134 has but one plain and ordinary meaning and is not susceptible to the rules of statutory construction applicable to ambiguous statutes. We cannot agree with this position.

The record indicates that for over thirty-seven years the statute in question was applied in a manner contrary to that adopted by the Sheriff in 1968. Such a conflict of interpretation would not surround a statute which had but one plain and ordinary meaning.

The historical chronology of A.R.S. § 42–1134 reveals the following situation. The statute first appeared in substantially the same form as today in the Revised Statutes of 1901, § 2863. Arizona re-enacted the statute after statehood in the Revised Statutes of 1913, § 3590. In 1915, the statute was judicially construed by the Superior Court of Graham County as a $10 quarterly license tax on a per establishment and not a per billiard table basis. See State v. Downen, 17 Ariz. 365, 152 P. 857 (1915). Thereafter, the Arizona Legislature re-enacted the statute in 1939 in the Revised Code Annotated of 1939, § 1981 and again in 1956 as A.R.S. § 42–1134.

In Jenney v. Arizona Express, Inc., 89 Ariz. 343, 362 P.2d 664 (1961), we held that "[w]here the legislature re-enacts a statute, * * * after uniform construction by the officers required to act under it, the presumption is that the legislature knew of such construction and adopted it in re-enacting the statute. Van Veen v. County of Graham, 13 Ariz. 167, 108 P. 252." 89 Ariz. at p. 346, 362 P.2d at p. 667.

In light of the legislative chronology and our holding in Jenney, supra, we find that the legislature incorporated the uniform administrative practice of levying the quarterly license tax on a per establishment basis into A.R.S. § 42–1134 in 1956 and thereby precluded any further administrative alteration such as that instituted by the Maricopa County Sheriff on October 1, 1968.

The judgment of the trial court is affirmed.

STRUCKMEYER, C. J., and UDALL and LOCKWOOD, JJ., concur.

Note: Justice JAMES DUKE CAMERON disqualified himself from the determination of this matter.