633 P.2d 428

**Lillian L. FOX, a single woman, Plaintiff/Appellee,**

v.

**The TOWN OF ORO VALLEY, Arizona; E. S. Engle; James H. Peterson; James D. Kreigh; Edward H. Needham, and Pauline Johnson, Defendants/Appellants.**

**No. 2 CA-CIV 3750.**

Court of Appeals of Arizona, Division 2.

May 27, 1981.

Rehearing Denied July 15, 1981.

Review Denied Sept. 10, 1981.

Miller, Pitt & Feldman, P. C. by Henry M. Hufford and John L. Tully, Tucson, for plaintiff/appellee.

Zipf & Henderson by Walter L. Henderson, Scott L. Taylor, Tucson, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

This case was commenced in the superior court as a special action sounding in mandamus. Appellee alleged that she had submitted to appellants on October 16, 1979, a plan for development of real property owned by her and located within the Town of Oro Valley. She further alleged that the plan conformed to the requirements of the Town Zoning Ordinance; that appellants requested certain modifications; that these were made and a revised plan filed on February 26, 1980; and that appellants failed and refused to approve the revised plan. She further alleged that she then requested appellants to consider her appeal from such refusal in accordance with a provision of the Zoning Ordinance providing for such administrative remedy. She next alleges that this appeal could have been heard fifteen days after May 14, 1980 but was not scheduled for hearing until July 24, and that appellants were intentionally and purposefully delaying consideration of her appeal in order to adopt revisions to the Zoning Ordinance which would preclude the approval of her development plan. For her special relief she prayed that the court order appellants to approve the plan or, in the alternative, conduct the hearing and rule upon her appeal prior to the adoption of any revision of the Zoning Ordinance.

On the date set for hearing the special action the parties entered into a stipulation which was filed with and adopted by the trial court and the hearing was vacated. The stipulation provided:

I

Pursuant to Section 2525 of the Zoning Ordinance of Defendant Town of Oro Valley, Plaintiff has appealed to the Town Council of Defendant Town of Oro Valley, the decision of its Planning Department to deny Plaintiff's request for approval of her Development Plan, as submitted in its final form on February 26, 1980. Although Plaintiff does not waive objections to the necessity of a hearing before the Mayor and Council of Defendant Town of Oro Valley, Plaintiff agrees to prosecute such appeal before the Mayor and Council of the Town of Oro Valley. Defendant Town of Oro Valley, agrees to set such appeal for hearing, hear such appeal, and issue a decision on such appeal no later than midnight, June 26, 1980.

II

The Town Zoning Ordinance, all other ordinances, enactments, rulings and official actions of whatever kind of the Town of Oro Valley, its Town Plan, and the zoning of Plaintiff's property, all as existing on October 16, 1979, shall exclusively govern Plaintiff's intended use of the property as expressed in the Development Plan dated February 26, 1980, regardless of any amendments or other actions by the Town of Oro Valley which have been

adopted or taken since October 16, 1979, or which may be adopted or taken by Defendants.

Notwithstanding the immediately preceding paragraph, if Plaintiff's Development Plan of February 26, 1980, is ultimately determined not to be in accordance with the Town Zoning Ordinance as it existed on October 16, 1979, then any revisions to or resubmission of Plaintiff's Development Plan will be governed by the Zoning Ordinances as it has been revised at the time of such revision or resubmission.

### III

Defendants shall immediately initiate good faith review, and complete such review with dispatch, of Plaintiff's excavation plans as presently submitted and any excavation or other construction plans which may be submitted in the future.

### IV

Defendants waive any objection to Plaintiff's Development Plan which were not specifically expressed in Walter L. Henderson's letter dated March 13, 1980, addressed to Steve Engle, Mayor, Town of Oro Valley.

### V

Plaintiff's intended use of the property in dispute, as described in her revised Development Plan dated February 26, 1980, vested on or about October 16, 1979, the date on which Plaintiff initially submitted her Development Plan to Defendant Town of Oro Valley.

On the last possible date, June 26, 1980, appellants heard and denied the appeal. The special action was then set for hearing but prior thereto both parties filed motions for summary judgment. It was ordered that these be heard on the date set for the special action with that hearing to follow if necessary. The trial court neither granted nor denied the cross motions for summary judgment but after hearing them proceeded with the hearing on the special action. Ap-

pellants requested findings of fact and conclusions of law which were made by the trial court. The trial court found in favor of appellee and ordered appellant to approve the Development Plan. It also granted other ancillary relief which we will discuss where necessary to the issues raised.

The questions presented may be stated as follows:

1) Was the following provision in appellant's zoning ordinance ambiguous: "Minimum area per dwelling unit: 1,000 sq. ft."?

2) Did the trial court err in concluding that the phrase in 1 above meant: minimum *lot* area per dwelling unit?

3) Did the trial court commit error in determining appellant's denial of appellee's plan was arbitrary and capricious?

4) Did the trial court err in granting mandatory relief instead of returning the matter to appellant for further proceedings?

5) Did the trial court commit error in ordering that the plan be governed by the zoning laws as they existed on October 16, 1979?

On the first issue, the trial court made no specific finding or conclusion that the quoted language was ambiguous, but it did accept an offer of proof concerning the meaning of the passage and made the following finding which, from the record, is clearly based upon that evidence:

(4) The Zoning Ordinance adopted by the Town of Oro Valley on June 27, 1974, was adopted from the Pima County Zoning Ordinance then in effect. Section 1105 of the Town Zoning Ordinance was then and has remained identical to Section 1405 of the Pima County Zoning Ordinance. Pima County has uniformly interpreted, applied and enforced for 27 years Section 1405 of the Pima County Zoning Ordinance as a density restriction which limits the number of dwelling units that may be constructed on a particular piece of property, and not as a minimum requirement of the area of living space within each dwelling unit.

Appellants argue the phrase is not ambiguous and means each dwelling unit must contain at least 1,000 square feet. We disagree. In order to interpret the language as desired by either party it is necessary to consider evidence extrinsic from the phrase. The record amply supports the trial court's finding. Appellants argue that since the Town Council interprets the language differently and it is the administrative body applying and enforcing the ordinance, the trial court is bound by its interpretation, citing *Jenney v. Arizona Express, Inc.*, 89 Ariz. 343, 362 P.2d 664 (1961). The *Jenney* case involved the construction of a statute and acquiescence in that interpretation over a period of time. There was no evidence in this case that the Council had ever been called on to construe the meaning of its language before this matter arose.

On the second issue, i. e., the meaning of the phrase, "minimum area per dwelling unit" the trial court had other evidence in addition to the offer of proof. In interpretation, a statute must be examined in its entirety. *State v. Jay Six Cattle Co., Inc.*, 85 Ariz. 220, 335 P.2d 799 (1959). Under Oro Valley's Town Zoning Ordinance, in addition to the zoning classification involved here, a parallel provision for SR-suburban ranch zoning provides: "Minimum area per dwelling unit, 144,000 sq. ft.". Thus, if appellants' reasoning is followed, a home constructed in an SR zone would need four acres under roof. Other minimum area per dwelling unit requirements illustrate other absurd results if appellants' logic is adopted.

Overwhelming evidence supports the construction given by the trial court and its quoted finding. There is no merit in the second issue.

■ On the third issue the trial court found that:

(9) The only portions of the record below which Defendants contend support their rejection of the Plan, which rejection constitutes the basis for this action, are presented in Defendants' Excerpt of Record filed herein.

We have examined that record. It includes a transcript of the June 26 hearing before the Town Council at the conclusion of which appellee's appeal was denied. It also includes a copy of a letter to appellee's architect from the Town Engineer who is also a Town Council member, minutes of the council meeting of February 2 in which a motion was adopted apparently approving the aforesaid letter as a response to appellee's plan, a copy of a letter addressed "To whom it may concern" signed by the vice-mayor and two councilmen and a letter dated March 13th and addressed to the mayor from the town attorney. This letter was sent to appellee with cover letter of the same date.

Appellants were limited to the consideration of three issues only by the parties' stipulation:

1) Whether the plan complied with a section of the Zoning Ordinances limiting the height of the improvement.

2) Whether it complied with the minimum area requirement previously discussed, and,

3) Whether the proposed use of the property would reasonably tend to destroy the established economic or social uses and values of the area.

These were the only objections expressed in the town attorney's letter.

The record amply supports the trial court's findings that the plan complied with the height limitation and the minimum lot area requirement and there was no evidence to the contrary before appellants at the hearing other than the conclusion of its "engineer' as to the meaning of the disputed phrase. Likewise the court found that there was no evidence that any established economic or social values of the area would be affected by the plan. Appellants gave no reasons for their denial of appellee's plan. Under the state of the record the trial court's finding that the appellants' decision was arbitrary and capricious was proper. *See City of Tucson v. Mills*, 114 Ariz. 107, 559 P.2d 663 (App.1976).

The letter to appellee's architect dealt with the density of the development, ingress and egress to the highway, drainage, and the need to have at least 2″ of asphaltic concrete. A revised plan was filed with additional details of proposed construction and an hydrology study subsequent to receipt of that letter. The "To whom it may concern" letter again spoke of the density and also related that additional traffic would constitute a traffic hazard and again suggested a drainage problem.

Since the applicable zoning permitted this type of development, i. e., an apartment complex, appellants could not disapprove the plan solely on the basis of density or resulting traffic and it appears uncontradicted that the drainage objection was satisfied. Since these are not matters which would reasonably tend to destroy the established economic or social uses and values of adjacent or surrounding properties, these objections were waived by the stipulation.

The order adopting the parties' stipulation provided that if appellants did not approve the plan then the appellee could initiate an order to show cause procedure on the complaint with respect to the relief requested in paragraph one of its prayer. That paragraph reads: "That it order Defendants to approve the Development Plan as submitted by Plaintiff". Rule 6, 17A A.R.S. Rules of Procedure for Special Actions, provides, in part, that:

> "If the action was brought to review a determination or order of a body or officer, the judgment may annul or confirm the determination in whole or in part, or modify it and may direct, order or prohibit specified action by the defendant."

This was an action to review the determination of appellant, so granting mandatory relief was appropriate. Designation of the proceedings as certiorari or mandamus are neither necessary nor proper. Rule 1, supra. Appellants' reliance upon *Schoenberger v. Board of Adjustment*, 124 Ariz. 528, 606 P.2d 18 (1980), and *City of Phoenix v. Superior Court*, 110 Ariz. 155, 515 P.2d 1175 (1973) is misplaced. These cases do not hold that mandatory relief cannot be granted in a special action in the superior court.

As to appellants' last issue, the stipulation provided that appellee's development plan would be governed by the Town Zoning as it existed on October 16, 1979. The trial court did not err when it included this agreement in its judgment.

We affirm.

HATHAWAY, C. J., and HOWARD, J., concur.